18637

Mrs. Eunice H. PELLUM, Harry C. Pellum, Jr., and Marcia Pellum, Harriett Pellum, by their Guardian *ad Litem,* Mrs. Eunice H. Pellum, Appellants, v. W. C. CHAPLIN TRANSPORT and United States Fidelity & Guaranty Company, Respondents.

(154 S. E. (2d) 432)

*Messrs. Murdaugh, Eltzroth & Peters,* of Hampton, *for appellants,*

*Messrs. Lumpkin & Kemmerlin,* of Columbia, *for respondents,*

April 27, 1967.

LITTLEJOHN, Justice.

Harry Pellum, a 45-year-old employee of the defendant W. C. Chaplin Transport, died of a heart attack on March 2, 1963, admittedly while in the course of his employment.

The sole question before this court is whether his fatal acute coronary occlusion was caused by an accident arising out of his employment as contemplated by the Workmen's Compensation Law.

Pellum had been employed for approximately eighteen years primarily as a truck driver engaged in the transporting of petroleum products. On the day of his death he arose early in the morning and drove the tractor-tanker from Charleston to Columbia in order to make a delivery at eight o'clock. No evidence was introduced before the Industrial Commission to show exactly what he was doing at the time of his death. Apparently, he was making a routine delivery in Columbia. There is no showing of unusual strain, sudden happening, external force, or any extraordinary condition of his employment just before or at the time of his death.

Pellum suffered a first heart attack on February 6, 1962, was hospitalized for about two weeks, and returned to work several weeks later. His heart condition continued to deteriorate until December of 1962, when it became stabilized.

There is evidence that the winter of 1962-1963 was an unusually cold one. In winter there is always a greater demand for the hauling of petroleum products and the colder the winter, the greater the demand. It is impossible to accurately determine the number of hours that Pellum worked during December, January, February and up to his death on the second of March, but it is sufficient for the purpose of this appeal to state that he did work a considerably greater number of hours than he normally worked. Counsel for the claimants argue that he worked as many as 16 to 18 hours per day.

The single hearing Industrial Commissioner and the full Commission found, as a matter of fact, that Pellum died as a result of an accident arising out of and in the course of his employment, and awarded compensation. Upon appeal to the circuit court, the judge reversed the ruling of the Commission and held as a matter of law that the heart attack did not arise out of his employment.

> Normally, an accident involves some happening of a sudden nature, but this court has extended the definition in heart cases to include those happenings which

involve some activity that brings about unusual exertion and strain not normally incident to the employment. Death arising out of a heart attack must, of course, occur not only during the course of, but must arise out of, the employment in order to be compensable. It is usual for the driver of a petroleum truck to have additional work during cold weather and less work in other seasons, and this is to be expected.

At all stages of this proceeding, including the appeal before this court, the claimants, being the dependents of Pellum, take the position that unusually long hours of work over a period of approximttely three months supply the unusual exertion and strain necessary under this court's rule to prove an accident as contemplated by the Workmen's Compensation Law.

We hold that prolonged hours over a period of time under the circumstances heretofore related do not constitute an accident under the terms of the Workmen's Compensation Law.

In the case of *Walsh v. U. S. Rubber Co.,* 238 S. C. 441, 120 S. E. (2d) 685, this court said:

"* * * if a heart attack results as a consequence of the ordinary exertion that is required in the performance of the duties of the employment in the ordinary and usual manner, and without any outward untoward event, it is not compensable as an accident. The fact that due to a weakened heart condition, the exertion required for the ordinary performance of the work is too great for the particular employee, who undertakes to perform it, does not make it a compensable accident."

Having determined that the decedent's heart attack did not arise out of his employment, we need not decide whether the medical testimony supports an inference that his death was most probably caused by his activity incident to his work.

The circuit judge was correct in dismissing the action and in reversing the Industrial Commission, and his ruling is Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.